UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO T. VELEZ, <br> Petitioner, <br> v. <br> ANTHONY HEDGPETH, Warden, <br> Respondent. | NO. CV 08-7299-AHS (AGR) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("Petition"), records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

In Ground One, Petitioner alleges his trial counsel failed to disclose to the trial court a psychiatric report by Dr. Cochen that would have shown Petitioner was incompetent to stand trial. (Petition at 5 & Ex. 3 at 1-5.) The Report found

that Cochen's report had to do with a possible insanity defense.[1]  (Report at 9.) Thus, there was no indication Cochen found Petitioner insane, or that any mental disorder he may have had during the commission of the crimes continued afterward to render Petitioner incompetent to stand trial.

In his objections, Petitioner argues that counsel should have presented "mitigating" evidence of Petitioner's "methamphetamine psychosis" as it goes toward intent.  (Objections at 5.)  Petitioner mentioned in passing in the petition that counsel "chose not to inform the court of [the report]'s results, relieving the prosecutions burden of having to prove against the element of diminished capacity of Petitioner."  (Petition at Ground 1 at 1.)  Although California eliminated diminished capacity as a defense in 1981 (by the Legislature) and in 1982 (by voter initiative), the Court construes Petitioner's argument to be that his voluntary intoxication prevented him from forming the requisite intent for his crimes.  *See People v. Mejia-Lenares*, 135 Cal. App. 4th 1437, 1450, 38 Cal. Rptr. 3d 404 (2006).

Petitioner's argument is unsupported by the record.  Petitioner admitted to the police he stole various items on three separate occasions.  (1LD 1 at 72-77.) He also signed a written confession to that effect.  (*Id.* at 75-76.)  According to the prosecutor, in the written confession, Petitioner claimed he stole the items to buy food for his children.  (*Id.* at 137.)

Petitioner does not identify anything in the record that indicates Petitioner was suffering from "methamphetamine psychosis" during the commission of the crimes.  The court has not located any such indication.  Moreover, Petitioner does not explain how any alleged voluntary intoxication interfered with his ability to form the requisite intent.  The objection is overruled.

---

[1] Petitioner attached only the first page of the six-page report, and that page did not include Cochen's opinions.  (Reply, Ex. 2.)

1       IT IS ORDERED that Judgment be entered denying the Petition and
2 dismissing this action with prejudice.

4 DATED: November 9, 2011

*ALICEMARIE H. STOTLER*
_____
ALICEMARIE H. STOTLER
United States District Judge

3